## Shoemaker, Appellant, *v.* Shoemaker.

*Divorce—Evidence—Adultery.*

Where a wife, a respondent in divorce, appears by counsel, and submits herself to such evidence as may be presented, and the evidence is clear and uncontradicted that she kept the company of prostitutes, frequently visited with them bawdyhouses, and gave herself up to adulterous practices by remaining in bed with strange men, the court commits error in setting aside the report of a master recommending a decree in divorce.

Submitted April 11, 1904.   Appeal, No. 80, Oct. T., 1904,

184    SHOEMAKER, Appellant, *v.* SHOEMAKER.

Statement of Facts—Opinion of the Court. [25 Pa. Superior Ct.

by plaintiff, from order of C. P. No. 3, Phila. Co., Sept. T., 1903, No. 80, setting aside master's report in divorce, in case of Henry C. Shoemaker v. Idabel Shoemaker.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Reversed.

Libel for divorce.

The facts are stated in the opinion of the Superior Court.

The master recommended a decree in divorce.

The court of its own motion set aside the master's report and dismissed the libel.

*Error assigned* was the decree of the decree.

*Samuel E. Cavin*, for appellant.

*C. A. Chase*, for appellee, filed no printed brief.

OPINION BY ORLADY, J., May 10, 1904:

The libel in this case charged the wife with adultery and cruel and barbarous treatment, although the latter charge was not urged.   The respondent employed an attorney and filed her answer, in which she stated : " As to the cause in the libel for divorce, she submits herself to such evidence as may be presented."   A master was appointed, who took the testimony of the libellant and two other witnesses.   In substance the proof was that the respondent " kept the company of prostitutes, frequently visited well-known bawdyhouses, gave herself up to adulterous practices by remaining in bed therein with strange men."   This damaging testimony was elicited in the presence of respondent's counsel without an attempt to minimize it by cross-examination.   The testimony of the three witnesses was direct and particular ; their. competency, the identity of the wife, nor truthfulness of the facts stated were not challenged.

The master reported that the evidence was clear and conclusive, that the respondent frequented the houses of prostitution specified and committed adultery therein, and recommended that a decree of divorce be entered.   The court below entered a decree as follows : " The evidence is not satis-

factory and the libel is dismissed." No opinion was filed, nor reason given for refusing the decree prayed for. As was said in Baker v. Baker, 195 Pa. 407, as none of this testimony was denied by the respondent, we know of no reason why it should not be taken as verity. It was not meagre and unsupported, but specific and clear to a degree which would warrant a conviction of any crime in our calendar. Being of this grade, entirely uncontradicted, and sufficient to justify a decree, it is not proper without giving a reason to dismiss it from consideration and refuse relief to the party injured.

It is the well-defined duty of the court of original jurisdiction, as well as of the appellate courts, to make a careful examination of the evidence in order to ascertain whether it does in very truth establish the statutory grounds for a divorce: Middleton v. Middleton, 187 Pa. 612 ; Rishel v. Rishel, 24 Superior Ct. 303. In such cases the court below is not bound by the conclusions or recommendations of the master, but when they are so pertinent and convincing they should be answered by a legal reason when they are ignored.

So far as this record is concerned we have for our consideration all that was before the court below, and in the light of the competent and uncontradicted evidence the decree dismissing the libel is reversed and a decree of divorce a vinculo matrimonii is now entered in favor of the libellant with costs.